IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Cr. No. 08-18 |
| MICHAEL A. SMITH, | : |
| Defendant. | : |

## INFORMATION

The United States Attorney for the District of Delaware charges that:

### COUNT I

At all times material to this Information:

1. The Bureau of Unclaimed Property ("Bureau") was a subdivision of the Division of Revenue of the Delaware Department of Finance. The Bureau received unclaimed property from holders of the property and processed claims filed by owners who sought to take possession of the unclaimed property.

2. A.L. was employed by the Bureau. A.L.'s responsibilities included the processing of ownership claims for unclaimed property filed with the Bureau.

### Background

3. In or around May, 2005, the Bureau processed a claim indicating that MICHAEL A. SMITH was entitled to receive $14,203.81 and $9,810.26 in unclaimed property.

4. On or about May 12, 2005, the State of Delaware issued two checks payable to MICHAEL A. SMITH, one in the amount of $14,203.81 and one in the amount of $9,810.26.

5. On or about May 17, 2005, A.L. delivered the check for $14,203.81 and the check for $9,810.26 to MICHAEL A. SMITH.

6. On or about May 17, 2007, MICHAEL A. SMITH deposited the check for $14,203.81 and the check for $9,810.26 into his Citizens Bank account.

7. At the time he deposited the checks, MICHAEL A. SMITH knew that he was not entitled to receive $14,203.81 or $9,810.26 from the State of Delaware.

8. Following the deposit of the check for $14,203.81 and the check for $9,810.26, MICHAEL A. SMITH gave about half of the total amount of $24,014.07 to A.L.

## Charging Paragraph

9. On or about May 17, 2007, in the District of Delaware, and elsewhere, MICHAEL A. SMITH, defendant herein, transported and transmitted and caused to be transported and transmitted in interstate commerce securities of a value of $5,000 or more, to wit, a check in the amount of $14,203.81 drawn on the State of Delaware Vendor Payment Account and deposited on May 17, 2007, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. § 2314.

## COUNT II

10. Paragraphs 1 through 9 are incorporated herein by reference.

11. On or about May 17, 2007, in the District of Delaware, and elsewhere, MICHAEL A. SMITH, defendant herein, transported and transmitted and caused to be transported and transmitted in interstate commerce securities of a value of $5,000 or more, to wit, a check in the amount of $9,810.26 drawn on the State of Delaware Vendor Payment Account and deposited on May 17, 2007, knowing the same to have been stolen, converted, and taken

by fraud, in violation of 18 U.S.C. § 2314.

## NOTICE OF FORFEITURE

12. Upon conviction of one or more of the offenses alleged in Counts 1 and/or 2 of this Information, MICHAEL A. SMITH, defendant herein shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following: (a) Count 1: a sum of money equal to $14,203.81 in United States currency, representing the amount of proceeds obtained as a result of the offense, to wit, a violation of 18 U.S.C. § 2314; and (b) Count 2: a sum of money equal to $9,810.26 in United States currency, representing the amount of proceeds obtained as a result of the offense, to wit, a violation of 18 U.S.C. § 2314.

13. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and with respect to Counts 1 and 2 of this Information, MICHAEL A. SMITH, defendant herein, shall forfeit substitute property up to the value of $24,014.07 if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value;

or has been commingled with other property which cannot be divided without difficulty.

                                  COLM F. CONNOLLY
                                  United States Attorney

By: _____
      David C. Weiss
      Douglas E. McCann
      Assistant United States Attorney

DATED: February 5, 2008