IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 08-18 GMS |
| | : |
| MICHAEL A. SMITH, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David C. Weiss and Douglas E. McCann, Assistant United States Attorneys for the District of Delaware, and the defendant, Michael A. Smith, by and through his attorney, O. Hampton Brown III, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a two-count Felony Information. Count I and II each charge him with knowingly transporting and causing to be transported in interstate commerce securities of a value of $5,000, knowing that the securities were stolen, converted and taken by fraud, in violation of 18 U.S.C. § 2314. The maximum penalties on each count of the Information are ten years imprisonment, a $250,000 fine, up to three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is for Count I and II: (a) checks in the amounts of $14,203.81 (Count I) and $9,810.26 (Count II)

were stolen, converted, or taken by fraud; (b) each check had a value of at least $5,000; (c) the stolen checks were caused by the defendant to be transported or transmitted from one state to another state; and (d) at the time of such transportation, the defendant knew that the checks had been stolen, converted, or taken by fraud.

3.   The defendant knowingly, voluntarily, and intelligently admits that (1) on or about May 17, 2005, A.L. delivered two checks to him, one check in the amount of $14,203.81 and the other check being in the amount of $9,810.26, each check being drawn on the State of Delaware Vendor Payment Account; (2) the defendant knew that he was not entitled to receive the checks from the State of Delaware, and that they were stolen, converted or taken by fraud; (3) the defendant agreed to give A.L. about half of the total value of the checks; (4) the defendant deposited the checks in his account at Citizens Bank; (5) following the deposit, Citizen's Bank transported or transmitted the checks outside of Delaware to Rhode Island; (6) the defendant gave A.L. approximately half of the proceeds by making cash withdrawals in a manner designed to avoid the filing of a currency transaction report by Citizens Bank.

4.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly

acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a two-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets

owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

9. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to $24,014.07. Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

10. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any

failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

    11.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

///

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
O. Hampton Brown, III, Esquire
Attorney for Defendant

By: _____
David C. Weiss
Douglas E. McCann
Assistant United States Attorneys

_____
Michael A. Smith
Defendant

Dated: 4/3/08 DEM
4/15/08

**AND NOW**, this 15th day of April, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

FILED
APR 15 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

6